IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY L. MCLEMORE,

    **Plaintiff,**

    v.                                        CASE NO. 23-3220-JWL

JACOB PETERSON, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Jeffrey L. McLemore is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ"). Plaintiff's motion for leave to proceed in forma pauperis is pending.

Plaintiff's claims relate to actions taken by state district judges in his state criminal proceedings. He claims Saline County Chief District Judge Renee Young, who is a named defendant in this action, directed that four pending criminal cases against Plaintiff be scheduled in the same courtroom and be heard by Saline County District Judge Jacob Peterson, also a defendant in this action. (Doc. 1, at 2.) Plaintiff claims that he filed a judicial conduct report on Judge Peterson and Chief Judge Young. Plaintiff further alleges that during the preliminary hearing on September 13, 2023, Judge Peterson refused to consider some of Plaintiff's motions, including a

1

motion for recusal and a motion to proceed pro se, and threatened to pursue contempt charges against Plaintiff after Plaintiff "was disrespectful and rude to the court." *Id.* at 2-4. At a hearing two weeks later, Plaintiff contends, Judge Peterson told Plaintiff that if Plaintiff would apologize, Judge Peterson would not pursue the contempt charges. *Id.* at 4-5.

In Count I, Plaintiff alleges a conspiracy to interfere with the vindication of his constitutional rights, generally alleging violations of the Fourteenth Amendment. *Id.* at 4. In Count II, Plaintiff claims selective/malicious prosecution and violations of Plaintiff's rights under the Second and Fourteenth Amendments. *Id*. In Count III, Plaintiff alleges violations of his due process rights under the Fourteenth Amendment. *Id.* at 6. Plaintiff seeks punitive, nominal, and compensatory damages, and declaratory relief. *Id*. at 7.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). As relevant here, the Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that . . . seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

This matter is subject to dismissal in its entirety because the only named Defendants are state district judges and the events on which the complaint is based involve only actions taken in the Defendants' roles as judges, which renders them absolutely immune to this suit for money damages.[1] "The immunity of a judge for acts within his [or her] jurisdiction has roots extending to the earlier days of the common law." *Imbler v. Pachtman*, 424 U.S. 409, 423 n. 20 (1976). Thus, "[t]he Supreme Court of the United States has long held that judges are generally immune from suits for money damages." *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1195 (10th Cir. 2008). In other words, "[t]ypically, judges . . . enjoy absolute immunity." *Id.* at 1190. "[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler*, 424 U.S. at 419 n. 13.

"Only accusations that a judge was not acting in his [or her] judicial capacity or that he [or she] acted in the complete absence of all jurisdiction can overcome absolute immunity." *Guttman v. Khalsa*, 446 F.3d 1027, 1034 (10th Cir. 2006); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1189 (10th Cir. 2003) ("[A] judicial officer is entitled to absolute immunity from a

---

[1] The Court notes that Plaintiff also seeks declaratory relief, but he neglects to identify the sort of declaratory relief to which he believes he is entitled. Declaratory relief is defined as "[a] unilateral request to a court to determine the legal status or ownership of a thing." Black's Law Dictionary (11th ed. 2019). But even liberally construing this pro se complaint, it does not ask this Court to determine the legal status or ownership of anything.

4

claim for damages under § 1983 unless he [or she] has acted 'in the clear absence of all jurisdiction." (citations omitted).).  Although Plaintiff in this matter generally alleges that Defendants "chose to retain jurisdictional authority they were without the right to assert," this is the sort of conclusory allegation without supporting factual averments that is insufficient to state a claim upon which relief can be based.  *See Hall*, 935 F.2d at 1110.  Nothing in the complaint explains how Chief Judge Young lacked jurisdiction to assign multiple criminal prosecutions of Plaintiff to one judge, nor does anything in the complaint explain how Judge Peterson lacked jurisdiction to hear or decline to hear Plaintiff's motions in the criminal proceedings.  Although Plaintiff may disagree with the Chief Judge Young's case assignments or Judge Peterson's rulings on motions, disagreement does not equal lack of jurisdiction.

In summary, even liberally construing the pro se complaint and taking all facts alleged therein as true, Plaintiff in this action has named only defendants who are entitled to absolute immunity from this action.

**IV.  Response and/or Amended Complaint Required**

To avoid dismissal of this matter, Plaintiff is required to show good cause why his complaint should not be dismissed for the reasons stated herein.  In the alternative, Plaintiff is given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.  To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff

intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (23-3220-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff alleges sufficient facts to state a claim for a federal constitutional violation by a named defendant who does not enjoy absolute immunity. If Plaintiff does not file within the prescribed time a written response to this order and/or an amended complaint that cures the deficiency discussed herein, this matter will be dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 6, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed without prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **November 6, 2023**, in which to file a complete and proper amended complaint that cures the deficiency discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

Dated October 6, 2023, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
