IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEFFREY L. MCLEMORE,**

    **Plaintiff,**

    v.                                                                             CASE NO. 23-3220-JWL

**JACOB PETERSON, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and state prisoner Jeffrey L. McLemore initiated this matter by filing a pro se complaint under 42 U.S.C. § 1983. (Doc. 1.) After reviewing the complaint, the Court issued a memorandum and order to show cause (MOSC) explaining that this matter is "subject to dismissal in its entirety because the only named Defendants are state district judges and the events on which the complaint is based involve only actions taken in the Defendants' roles as judges, which renders them absolutely immune to this suit for money damages.[1]" (Doc. 4, p. 4.) The MOSC identified the circumstances under which a plaintiff can overcome absolute judicial immunity and granted Plaintiff time in which to either show good cause, in writing, why his complaint should not be dismissed or file a complete and proper amended complaint naming defendants who are not immune. *Id.* at 4-5. The MOSC cautioned Plaintiff that if he "does not file within the prescribed time a written response to this order and/or an amended complaint that cures the deficiency discussed herein, this matter will be dismissed without further prior notice to Plaintiff." *Id.* at 6.

---

[1] The Court notes that Plaintiff also seeks declaratory relief, but he neglects to identify the sort of declaratory relief to which he believes he is entitled. Declaratory relief is defined as "[a] unilateral request to a court to determine the legal status or ownership of a thing." Black's Law Dictionary (11th ed. 2019). But even liberally construing this pro se complaint, it does not ask this Court to determine the legal status or ownership of anything.

1

The deadline for filing either a response to the MOSC or an amended complaint was November 6, 2023. *Id.* Plaintiff has filed neither.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order." *Young v. U.S.*, 316 F. Appx. 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citations omitted). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." *Young*, 316 F. Appx. at 771–72 (citations omitted).

Because the time in which Plaintiff was required to file an amended complaint or respond to the MOSC has passed without Plaintiff doing so, the Court concludes that this action should be dismissed without prejudice under Rule 41(b). In addition, this action is dismissed for failure to state a claim on which relief can be granted, as set forth in the Court's previous memorandum and order (Doc. 4).

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** for failure to state a claim on which relief can be granted and, in the alternative, for failure to comply with a court order. The pending motions for leave to proceed in forma pauperis (Docs. 2 and 5) are **denied as moot**.

**IT IS SO ORDERED**.

Dated November 14, 2023, in Kansas City, Kansas.

                                              **S/ John W. Lungstrum**
                                              **JOHN W. LUNGSTRUM**
                                              **UNITED STATES DISTRICT JUDGE**